1 | LATHAM & WATKINS LLP
      Melanie M. Blunschi (SBN 234264)
2 |     *melanie.blunschi@lw.com*
      Patrick K. O'Brien (SBN 292470)
3 |     *patrick.obrien@lw.com*
      505 Montgomery Street, Suite 2000
4 | San Francisco, California  94111-6538
      Telephone:  (415) 391-0600
5 | Facsimile:  (415) 395-8095

6 |     R. Peter Durning, Jr. (SBN 277968)
        *peter.durning@lw.com*
7 | 355 South Grand Avenue, Suite 100
      Los Angeles, CA 90071-1560
8 | Telephone:  (213) 485-1234
      Facsimile:  (213) 891-8763

9 |

10 | Attorneys for Petitioner
      *Pharmaniaga Berhad*

11 |

12 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PHARMANIAGA BERHAD, a Malaysian entity, | CASE NO. 2:17-cv-02672-MCE-EFB |
| Petitioner, | The Honorable Morrison C. England, Jr. Courtroom 7 |
| v. | **NOTICE OF PETITION AND MOTION FOR** |
| E*HEALTHLINE.COM, INC., a Delaware corporation, | **(1)  CONFIRMATION OF FOREIGN ARBITRAL AWARD;** |
| Respondent. | **(2)  ENTRY OF JUDGMENT;** |
| | **AND** |
| | **(3)  ATTORNEY'S FEES INCURRED IN CONFIRMING THE AWARD** |
| | Date:     February 22, 2018<br>Time:     2:00 P.M.<br>Place:    Courtroom 7<br>          Robert T. Matsui Courthouse<br>          501 I St, Sacramento, CA 95814 |

NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of California, and the Civil Law and Motion procedures of the Honorable Morrison C. England, Jr., the hearing on Petitioner Pharmaniaga Berhad's ("**Pharmaniaga**")'s Petition and Motion for (1) Confirmation of Foreign Arbitral Award, (2) Entry of Judgment, and (3) Attorney's Fees Incurred in Confirming the Award (the "**Petition and Motion**," ECF No. 1) is set for February 22, 2018.  The Court has not ordered oral argument on the Petition and Motion; "[i]f the Court determines that oral argument is needed it will be scheduled at a later date." *See* Judge England's Civil Law and Motion procedures.

Pursuant to the Court's direction in the Minute Order of January 3, 2018 (ECF No. 11), this Notice supersedes Petitioner's prior "**Notice of Hearing Date and Briefing Schedule**" (ECF No. 10).

Concurrently with this filing, this Notice of Motion will be served on Respondent (along with copies of the Petition and Motion and its supporting affidavit and exhibits, which were previously served on Respondent on December 22, 2017), and a proposed order will be lodged.

Dated:  January 12, 2018

Respectfully submitted,

LATHAM & WATKINS LLP
  Melanie M. Blunschi
  R. Peter Durning, Jr.
  Patrick K. O'Brien

By  /s/ R. Peter Durning, Jr.
  R. Peter Durning, Jr.
  Attorneys for Petitioner
  *Pharmaniaga Berhad*

1  LATHAM & WATKINS LLP
   Melanie M. Blunschi (SBN 234264)
2     *melanie.blunschi@lw.com*
   Patrick K. O'Brien (SBN 292470)
3     *patrick.obrien@lw.com*
   505 Montgomery Street, Suite 2000
4  San Francisco, California  94111-6538
   Telephone:  (415) 391-0600
5  Facsimile:  (415) 395-8095

6     R. Peter Durning, Jr. (SBN 277968)
      *peter.durning@lw.com*
7  355 South Grand Avenue, Suite 100
   Los Angeles, CA 90071-1560
8  Telephone:  (213) 485-1234
   Facsimile:  (213) 891-8763

9

10 Attorneys for Petitioner
   *Pharmaniaga Berhad*

11

12

13                    UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

                           SACRAMENTO DIVISION
15

16 | PHARMANIAGA BERHAD, | CASE NO. 2:17-cv-02672-MCE-EFB |
   | a Malaysian entity, | |

17 | | **PETITION AND MOTION FOR** |
   | Petitioner, | |

18 | | **(1)   CONFIRMATION OF FOREIGN** |
   | v. | **ARBITRAL AWARD;** |

19 | E*HEALTHLINE.COM, INC., | **(2)   ENTRY OF JUDGMENT;** |
   | a Delaware corporation, | |

20 | | **AND** |
   | Respondent. | |

21 | | **(3)   ATTORNEY'S FEES INCURRED** |
   | | **IN CONFIRMING THE AWARD** |

22

23

24

25

26

27

28

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

**JURISDICTION, PARTIES, AND VENUE**

1. Pursuant to Local Rule 204, Petitioners set forth the following grounds for jurisdiction.

2. This Court has jurisdiction under 9 U.S.C. §§ 201-208, which implement the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("**New York Convention**").  Petitioner is one of two prevailing parties (and the assignee of the other prevailing party) in the London-seated commercial arbitration *E*HealthLine.com Inc. v. Modern Industrial Investment Holding Group Co. Ltd. & Pharmaniaga Berhad*, ICC Case No. 20125/RD ("**Arbitration**"), in which the Final Award was issued on November 2, 2016 ("**Final Award**," *see* Affidavit of Daniel Harrison ("Harrison Aff.") **Exhibit 1**).  The confirmation of the Final Award is "[a]n action or proceeding falling under the [New York] Convention" for which "[t]he district courts of the United States … shall have original jurisdiction … regardless of the amount in controversy."  9 U.S.C. § 203; *see also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002) (the New York Convention governs an action to confirm an arbitral award obtained in London).

3. This Court also has jurisdiction under 28 U.S.C. § 1332, because there is complete diversity between the parties to this proceeding and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(2); Harrison Aff. Exh. 1 at p. 172 (detailing the amount in controversy). Petitioner Pharmaniaga Berhad ("**Pharmaniaga**") is a company organized under the laws of Malaysia with its principal place of business in Malaysia at No. 7, Lorong Keluli 1B, Kaw. Perindustrian Bukit Raja Selatan, Seksyen 7, 40000, Shah Alam, Selangor Darul Ehsan. Respondent E*HealthLine, Inc. ("**EHL**") is a Delaware corporation with its principal place of business at 2450 Venture Oaks Way, Sacramento, California 95833.  EHL was the claimant in the Arbitration; Pharmaniaga and Modern Industrial Investment Holding Group Company Limited ("**Modern**"), a Saudi Arabian company, were the defending and prevailing parties.

4. Because EHL's principal place of business is in California, personal jurisdiction over EHL is proper. *E.g.*, *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017).

5. Venue is proper in this Court because the Respondent in this proceeding, EHL, resides in this judicial district, in Sacramento.  *See* 9 U.S.C. § 204; 28 U.S.C. §§ 1391(b)(1), (c)(1), (d).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

1

### FACTUAL BACKGROUND

2    6. On March 18, 2014, EHL initiated the Arbitration against Pharmaniaga and Modern

3    under the ICC Rules of Arbitration ("**ICC Rules**"), pursuant to a binding arbitration agreement

4    (the "**Arbitration Agreement**," Harrison Aff. **Exhibit 2**).[1]  On July 30, 2015, the three-arbitrator

5    tribunal ("**Tribunal**") issued a confidentiality order governing the Arbitration (Harrison Aff.

6    **Exhibit 3**), and on November 2, 2016, the Tribunal issued the Final Award dismissing all of EHL's

7    claims.  As is customary in international arbitration, and pursuant to the ICC Rules, the Tribunal

8    awarded costs (including attorney's fees, costs of arbitration, and expert witness fees) to the

9    prevailing parties – which were Pharmaniaga and Modern.  In the Tribunal's words:

10
11
12
13
14

> All three Parties are agreed that, under the ICC Rules, the Tribunal's decision [on the allocation of legal costs] should reflect the Parties' relative success and failure in the arbitration …. In the Tribunal's view, [Pharmaniaga and Modern] are not only the successful parties in this arbitration; but also, measured by the Parties' relative success and failure on the principal issues comprising the Parties' dispute, [Pharmaniaga and Modern] are the prevailing parties …. [EHL] has not succeeded upon any of the Tribunal's Principal Issues[.]

Harrison Aff. Exh. 1 at pp. 168-169.

15    7. To Pharmaniaga, EHL was ordered to pay £2,000,000.00 in legal costs (at a post-award

16    interest rate of 4% per annum) and $162,500.00 in costs of arbitration (at a post-award interest rate

17    of 3% per annum).   Harrison Aff. Exh. 1 at p. 172.   This Court is authorized to confirm

18    Pharmaniaga's entitlement to £2,000,000.00 (plus interest) in its original foreign currency (pounds

19    sterling of Great Britain), as that is the currency in which Pharmaniaga incurred and paid its legal

20    costs.[2]

21

22

---

23    [1]   The Final Award was issued pursuant to the ICC Rules in force as of 1 January 2012 (*see*
24    Harrison Aff. Exh. 1 at p. 7), which are attached to the Harrison Affidavit as **Exhibit 8**.

[2]   *See, e.g.*, *Willamette Green Innovation Center, LLC v. Quartis Capital Partners*, No. 13-
25    cv-00848, 2014 U.S. Dist. LEXIS 148665, at *41 (Jan. 21, 2014) ("For federal courts sitting in
diversity … this question is one that depends on state law"); *accord Compania Engraw*
26    *Commercial E. Industrial S.A. v. Schenley Distillers Corp.*, 181 F.2d 876, 878 (9th Cir. 1950); Cal.
Code Civ. Proc. § 676.4(b)(3) (the "proper money of the claim" is the "money in which the loss
27    was ultimately felt or will be incurred by the party claimant").  Similarly, under federal common
law, judgment may be entered in a foreign currency "when requested by the judgment creditor."
28    *E.g.*, *Continental Transfert Technique Ltd. v. Nigeria*, 932 F. Supp. 2d 153, 158 (D.D.C. 2013);
Restatement (3d) of Foreign Relations Law of the United States, § 823 cmt. b.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

1      8. To Modern, EHL was ordered to pay $710,453.00 (comprised of $547,953.00 in legal costs and $162,500.00 in costs of arbitration) at a post-award interest rate of 3% per annum. Harrison Aff. Exh. 1 at p. 172.

      9. On November 5, 2017, Pharmaniaga and Modern executed an Assignment of Rights Agreement ("**Assignment Agreement**," Harrison Aff. **Exhibit 4**), pursuant to which Pharmaniaga was assigned all rights held by Modern against EHL under the Final Award, including Modern's right to recover $710,453.00 from EHL. *See* Harrison Aff. Exh. 4 at pp. 1-2; Exh. 1 at p. 172. Through the Assignment Agreement, Modern expressly assigned to Pharmaniaga (and thereby released and relinquished for itself) all of Modern's rights against EHL that arise under the Final Award. *See* Harrison Aff. Exh. 4 at pp. 1-2. Accordingly, Pharmaniaga is entitled to recover $872,953.00 (the sum of the dollar amounts awarded to Pharmaniaga and Modern under the Final Award) and £2,000,000.00, plus simple interest, from the date of the Final Award until payment at the rates of 3% per annum (as regards the dollar amounts) and 4% per annum (as regards the pounds sterling amount) from EHL for the costs of defending against EHL's meritless claims in the Arbitration. *See* Harrison Aff. Exh. 1 at p. 172.

      10. Upon the issuance of the Final Award, EHL's payment obligations were due immediately, and without any act or intervention by the courts.[3] Accordingly, Pharmaniaga wrote to EHL's counsel on multiple occasions, seeking confirmation of payment. Rather than paying what it owed, EHL refused to pay and threatened to challenge the Final Award (though it never actually brought a challenge). *See* Harrison Aff. ¶¶ 7-8, **Exhibits 5, 6, 7**. At no point has EHL ever articulated to Pharmaniaga any basis on which EHL intended to "appeal" or otherwise challenge the enforcement of the Final Award. *Id.* ¶ 8.

---

[3]    *See* Harrison Aff. Exh. 8 (ICC Rules) at Article 34(6) ("Every award shall be binding on the parties. By submitting the dispute to arbitration under the [ICC Rules], the parties undertake to carry out any award without delay and shall be deemed to have waived their right to any form of recourse insofar as such waiver can validly be made.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

1

### ARGUMENT IN SUPPORT OF MOTION

2

**The New York Convention And Federal Law Require The Final Award To Be Confirmed**

3      11. "[T]he confirmation of an arbitration award is a summary proceeding that merely

4   makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v.*

5   *Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); *accord Romero v. Citibank U.S.A.*, 551 F. Supp. 2d

6   1010 (E.D. Cal. 2008).  Judicial review "of a foreign arbitration award is quite circumscribed[,]"

7   and does not involve a "review [of] the merits of the underlying arbitration[.]"  *China National*

8   *Metal Products Import/Export Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799 (9th Cir. 2004) (internal

9   quotations omitted); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 696

10  (2010) ("'Courts … do not sit to hear claims of factual or legal error by an arbitrator as an appellate

11  court does in reviewing decisions of lower courts …. This Court, therefore, may not disturb the

12  arbitrators' judgment, even if convinced that 'serious error' infected the panel's award." (quoting

13  *Paperworkers v. Misco, Inc.*, 484 U.S. 29, 38 (1987))).

14      12. Because the merits of the dispute are beyond the scope of review, a petitioner seeking

15  confirmation of a foreign arbitral award meets its burden by supplying copies of (1) the award and

16  (2) the agreement to arbitrate.  21 U.S.T. 2517 [the New York Convention], Art. IV.  Pharmaniaga

17  has met its burden by including those documents with this Petition and Motion as Exhibit 1 and

18  Exhibit 2, respectively.  *See* Harrison Aff. Exh. 1 at pp. 1-2, 172, Exh. 2 at p. 12.

19      13. Accordingly, "[t]he court *shall confirm the award* unless it finds one of the grounds for

20  refusal or deferral of recognition or enforcement of the award specified in the [New York]

21  Convention."  9 U.S.C. § 207 (emphasis added).  In addition, the petitioner need not establish that

22  an award is enforceable, because a final arbitral award is *presumed* to be enforceable.  *See, e.g.*,

23  *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic*

24  *Defense Systems, Inc.*, 665 F.3d 1091, 1096 (9th Cir. 2011) ("[T]he party opposing recognition or

25  enforcement bears the burden of establishing that a defense applies"); *Empresa Constructora*

26  *Contex Limitada v. Iseki, Inc.*, 106 F. Supp. 2d 1020, 1024 (S.D. Cal. 2000) (same); *see generally*

27  *Parsons & Whittemore Overseas Co. v. Societe Generale de L'Industrie du Papier (RAKTA)*, 508

28  F.2d 969, 973 (2d Cir. 1974) (reviewing New York Convention's history).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

1      14. The New York Convention provides seven grounds for non-enforcement of a foreign

2  arbitral award, which are exclusive and exhaustive. *See, e.g.*, *Yusuf Ahmed Alghanim & Sons,*

3  *W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 20 (2d Cir. 1997) ("There is now considerable caselaw

4  holding that, in an action to confirm an award rendered in, or under the law of, a foreign

5  jurisdiction, the grounds for relief enumerated in Article V of the [New York] Convention are the

6  only grounds available for setting aside an arbitral award."). As the Ninth Circuit has explained,

7  the New York Convention's grounds for non-enforcement "should be construed narrowly" in light

8  of the "general pro-enforcement bias" that animates the New York Convention and federal law as

9  a whole. *Ministry of Defense of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770

10  (9th Cir. 1992). Indeed, federal law recognizes a number of presumptions in favor of enforcement,

11  such as the presumptions that a dispute is arbitrable and "that an arbitral body has acted within its

12  powers" – which apply "with special force in the field of international commerce." *Management*

13  *& Technical Consultants S.A. v. Parsons-Jurden Int'l Corp.*, 820 F.2d 1531, 1534 (9th Cir. 1987)

14  (quoting *Mitsubishi Motors Corp. v. Soler Chrylser-Plymouth, Inc.*, 473 U.S. 614, 630 (1985)).

15      15. Of the New York Convention's seven grounds for non-enforcement, five can be

16  considered only "at the request of the party against whom [the award] is invoked," and "only if

17  that party furnishes … proof" sufficient to meet its burden. 21 U.S.T. 2517 [the New York

18  Convention], Art. V(1)(a)-(e); *Cubic Defense*, 665 F.3d at 1096. Because EHL has never

19  articulated a basis on which the Final Award may not be enforced under the New York Convention,

20  none of those five grounds need be considered. Nor would they apply in any event; Article V(1)

21  concerns defects in the arbitration agreement or proceedings, or awards that have not become final.

22  EHL has not, and cannot, challenge the Arbitration (which EHL itself initiated) or the Final Award

23  on any of those grounds. Even if it could, the court would retain the power and discretion to

24  recognize and enforce the Final Award despite any Article V(1) challenge. *See* 21 U.S.T. 2517

25  [the New York Convention], Art. V(1) ("Recognition and enforcement of the award *may* be

26  refused" even if the grounds for non-enforcement enumerated in Article V(1) are proven (emphasis

27  added)).

28

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

5

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

16. The New York Convention also provides for non-enforcement where "(a) [t]he subject matter of the difference is not capable of settlement by arbitration under the law of [the United States]; or (b) [t]he recognition or enforcement of the award would be contrary to the public policy of [the United States]." 21 U.S.T. 2517 [the New York Convention], Art. V(2). These exceptions to the law's "pro-enforcement bias," *Gould, Inc.*, 969 F.2d at 770, have no application to the Final Award that is at issue here:

a.   The parties' dispute was plainly "capable of settlement by arbitration." The Supreme Court has made clear that state law is powerless to "undercut the enforceability of arbitration agreements," and no federal law prevents the arbitration of a commercial dispute such as the one that EHL initiated (and lost) here.[4] *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984); *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259-60 (9th Cir. 2017) (quoting *id.*); *see also American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2309 (2013) (courts "must 'rigorously enforce' arbitration agreements according to their terms" unless "overridden by a contrary congressional command").

b.   Nor does the Final Award violate the public policy of the United States. As the Ninth Circuit has explained, the public policy exception "applies only when confirmation or enforcement of a foreign arbitration award 'would violate the forum state's most basic notions of morality and justice.'" *Cubic Defense*, 665 F.3d at 1097 (quoting *Parsons & Whittemore*, 508 F.2d at 974). For a challenge based on public policy, "[t]he standard is high, and infrequently met .... In the classic formulation, a judgment that 'tends clearly' to undermine the public interest, the public confidence in the

---

[4]   EHL initiated the Arbitration based on its claims to have entered a series of contracts with Pharmaniaga and Modern with the aim of forming a tripartite joint venture in Saudi Arabia. *See* Harrison Aff. Exh. 1 at pp. 29-30. According to EHL, Pharmaniaga and Modern breached various obligations under those agreements when they entered into a joint venture without EHL. *Id.* at p. 40. Commercial disputes of this nature are routinely resolved through arbitration; no law requires that they be resolved through a judicial forum.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

1    administration of the law, or security for individual rights of personal liberty

2    or of private property is against public policy." *Termorio S.A. E.S.P. v.*

3    *Electranta S.P.*, 487 F.3d 928, 938 (D.C. Cir. 2007) (quoting *Ackermann v.*

4    *Levine*, 788 F.2d 830, 841 (2d Cir. 1986)).  The public policy exception has

5    no application to this case.

6    17. Because there are no grounds to deny enforcement under the New York Convention,

7    the Final Award must be confirmed.  9 U.S.C. § 207.

8    **Judgment Should Be Entered Concurrently with Confirmation of the Final Award**

9    18. Pharmaniaga respectfully requests that judgment be entered at the same time as the

10   confirmation of the Final Award.  In this summary proceeding, there is no need for the entry of

11   judgment to be delayed pending approval of form – EHL has already delayed the payment of its

12   obligations for far too long.  Rather, because Petitioner seeks only an order mandating the payment

13   of "a sum certain," it would be appropriate for the clerk of this Court, "without awaiting the court's

14   direction, [to] promptly prepare, sign, and enter the judgment."  *See* Fed. R. Civ. P. 58(b)(1)(B);

15   *see also Cubic Defense*, 665 F.3d at 1094 n.1 ("Confirmation is a summary proceeding that

16   converts a final arbitration award into a judgment of the court …. Once the award is confirmed,

17   the judgment has the same force and effect of a judgment in a civil action and may be enforced by

18   the means available to enforce any other judgment.").

19   **Pharmaniaga Should Be Awarded Its Fees Incurred in Confirming The Final Award**

20   19. As the Ninth Circuit has made clear, "federal law permits an award of attorney's fees

21   in an action under the [New York] Convention," because an "'unjustified refusal to abide by an

22   arbitrator's award … may equate [to] an act taken in bad faith, vexatiously or for oppressive

23   reasons.'"  *Cubic Defense*, 665 F.3d at 1104 (quoting *Sheet Metal Workers' Int'l Ass'n Local*

24   *Union No. 359 v. Madison Industries, Inc.*, 84 F.3d 1186, 1192 (9th Cir. 1996)).  The authority to

25   order fee-shifting in a New York Convention proceeding does not derive from any independent

26   statute or rule, but from the courts' inherent authority to deter bad faith litigation tactics.  *Id.*

27   20. The Court should exercise that authority here – EHL's refusal to abide by the Final

28   Award is a textbook case of bad faith litigation conduct.  It bears emphasis that Pharmaniaga seeks

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

1    to recover only the costs of defending the legal proceeding that *EHL voluntarily chose to initiate*.

2    EHL spared no expense to pursue its claims against Pharmaniaga, hiring not one but two of the

3    global chairs of the international arbitration practices of major international law firms – in addition

4    to other lawyers at concurrent or later stages of the proceeding.  *See* Harrison Aff. Exh. 1 at p. 165

5    (including, among others, Stephen Jagusch QC of Quinn Emanuel Urquhart & Sullivan, LLP and

6    Gary Born of Wilmer Cutler Pickering Hale and Dorr LLP).[5]  Not only did EHL make significant

7    expenditures to high-profile counsel in support of its claims, it sought to recover those expenditures

8    from Pharmaniaga and Modern in the Arbitration pursuant to the ICC Rules.  *See* Harrison Aff.

9    Exh. 1 at p. 164-168; Exh. 8 at Art. 34(6).  The hypocrisy of that request is the definition of bad

10   faith: when the Tribunal concluded that the ICC Rules required Pharmaniaga and Modern to be

11   awarded their costs (because EHL had "not succeeded upon *any* of the Tribunal's Principal

12   Issues"), EHL flouted the Tribunal's command and forced Pharmaniaga to bring this Petition and

13   Motion in an entirely new jurisdiction.  *See* Harrison Aff. Exh. 1 at p. 168.

14        21. EHL's failure to identify *any* basis for its nonpayment (*see* Harrison Aff. ¶¶ 7-8)

15   underscores the bad faith conduct that entitles Pharmaniaga to recover the costs of defense

16   mandated by the Final Award.  Indeed, EHL has engaged in the same conduct that led to fee-

17   shifting in the *Cubic Defense* case, where the losing party in the arbitration "simply ignored the

18   validity of the Arbitration Award and sought to avoid payment," forcing the creditor "to expend

19   resources to litigate" a self-executing ICC award.  *Ministry of Defense and Support for the Armed*

20   *Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, No. 98-CV-1165, 2013 U.S.

21   Dist. LEXIS 1625, at *17-18 (S.D. Cal. Jan. 3, 2013).

22        22. But EHL's bad faith has a longer – and even more egregious – history.  As the Tribunal

23   concluded in the Final Award, EHL's claims in the Arbitration rested on false and forged

24   documents, which "were probably tampered with by one or more unknown persons at EHL" and

---

[5]    *See* Harrison Aff. Exh. 1 at p. 165 (quantifying the legal costs EHL sought to recover in the Arbitration); *see also* https://www.quinnemanuel.com/attorneys/jagusch-stephen ("Stephen is recognized as a leading expert in the field of international arbitration and disputes[.]"); https://www.wilmerhale.com/gary_born/ ("Mr. Born is widely regarded as the world's preeminent authority on international commercial arbitration and international litigation …. an Honorary Professor of Law …. a member of the American Law Institute …. [and] President of the Singapore International Arbitration Centre[.]").

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

1    were "deliberately presented by EHL to the Tribunal as genuine[.]" Harrison Aff. Exh. 1 at p. 132.

2    Yet after bringing its frivolous (and apparently fraudulent) claims against Pharmaniaga and

3    Modern, EHL has refused to pay the costs of their legal defense – as the binding Final Award

4    requires.  Justice demands that EHL now pay not only the defense costs from the Arbitration, but

5    Pharmaniaga's costs in bringing this Petition and Motion, as well.  *E.g.*, *Cubic Defense Systems*,

6    2013 U.S. Dist. LEXIS 1625, at \*15 (award of fees against a party that "willfully failed to abide

7    by the final arbitration award").

8         23. Pursuant to Local Rule 293 and Federal Rule of Civil Procedure 54(d)(2)(B),

9    Pharmaniaga reserves its right to bring a timely motion for fees following the entry of judgment.

10   However, this Court "may decide issues of liability for fees before receiving submissions on the

11   value of services." Fed. R. Civ. P. 54(d)(2)(C).  Pharmaniaga respectfully submits that it is in the

12   interest of the parties – and in the interest of the swift enforcement of arbitral awards that the New

13   York Convention envisions – for the Court to decide the liability issue first.

14                                   **PRAYER FOR RELIEF**

15        WHEREFORE, Pharmaniaga prays for an order and for entry of judgment on the following

16   terms:

17        (1)    Confirming, recognizing, and enforcing the Final Award against EHL;

18        (2)    Compelling EHL to pay Pharmaniaga (for itself, and as assignee of Modern) the

19               amounts payable to Pharmaniaga and Modern under the Final Award, which is no

20               less than \$872,953.00 and £2,000,000.00;

21        (3)    Compelling EHL to pay Pharmaniaga (for itself, and as assignee of Modern) the

22               post-award interest required by the Final Award, *i.e.*, accruing from November 2,

23               2016, through the date of payment at a rate of 3% per annum for amounts awarded

24               in United States dollars, and 4% per annum for amounts awarded in pounds sterling

25               of Great Britain;

26        (4)    Compelling EHL to pay Pharmaniaga's costs incurred in this action pursuant to

27               Federal Rule of Civil Procedure 54(d)(1);

28        (5)    Any and all other relief that the Court deems just and proper.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES

1   Following the entry of judgment, Pharmaniaga intends to move for fees and costs in a manner

2   consistent with Federal Rule of Civil Procedure 54(d).

3   Dated:  December 21, 2017                          Respectfully submitted,

4                                                      LATHAM & WATKINS LLP
                                                         Melanie M. Blunschi
5                                                        R. Peter Durning, Jr.
                                                         Patrick K. O'Brien
6

7
                                                   By   /s/ R. Peter Durning, Jr.
8                                                        R. Peter Durning, Jr.
                                                         Attorneys for Petitioner
9                                                        *Pharmaniaga Berhad*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PETITION AND MOTION FOR CONFIRMATION
OF FOREIGN ARBITRAL AWARD
AND FOR ATTORNEY'S FEES