LATHAM & WATKINS LLP
   Melanie M. Blunschi (SBN 234264)
    *melanie.blunschi@lw.com*
   Patrick K. O'Brien (SBN 292470)
    *patrick.obrien@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

   R. Peter Durning, Jr. (SBN 277968)
    *peter.durning@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Petitioner
*Pharmaniaga Berhad*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PHARMANIAGA BERHAD, a Malaysian entity,<br><br>               Petitioner,<br><br>   v.<br><br>E*HEALTHLINE.COM, INC., a Delaware corporation,<br><br>               Respondent. | CASE NO. 2:17-cv-02672-MCE-EFB<br><br>The Honorable Morrison C. England, Jr.<br>Courtroom 7<br><br>**PETITIONER PHARMANIAGA BERHAD'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS** |

**TO ALL PARTIES THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 15, 2018, at 2:00 P.M., or as soon thereafter as the matter may be heard in Courtroom 7 of the above-entitled Court at 501 I Street, Sacramento, California 95814, Petitioner Pharmaniaga Berhad (**"Pharmaniaga"**) will and hereby does move for an order for payment of its attorney's fees and costs in the above-captioned action. The Court has not ordered oral argument on the Motion; "[i]f the Court determines that oral argument is needed it will be scheduled at a later date." *See* Judge England's Civil Law and Motion procedures.

Pharmaniaga makes this Motion pursuant to the Court's Memorandum and Order of September 7, 2018 (ECF No. 54), Rule 54(d) of the Federal Rules of Civil Procedure, and Local Rule 293. This Motion is based on this Notice of Motion and Motion, and the accompanying Memorandum of Points and Authorities and Affidavit of Melanie M. Blunschi, and all of the pleadings, evidence, and other papers on file in this action, as well as the further written and oral arguments of counsel, and such other or further argument or evidence as may be presented to the Court at or before the hearing.

Concurrently with this filing, this Notice of Motion and its supporting papers will be served on Respondent, and a proposed order will be lodged.

Dated: October 5, 2018

                                        LATHAM & WATKINS LLP
                                        Melanie M. Blunschi
                                        R. Peter Durning, Jr.
                                        Patrick K. O'Brien

                                        By  /s/ Melanie M. Blunschi
                                        Melanie M. Blunschi
                                        Attorneys for Petitioner
                                        *Pharmaniaga Berhad*

LATHAM & WATKINS LLP
   Melanie M. Blunschi (SBN 234264)
    *melanie.blunschi@lw.com*
   Patrick K. O'Brien (SBN 292470)
    *patrick.obrien@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

   R. Peter Durning, Jr. (SBN 277968)
    *peter.durning@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

Attorneys for Petitioner
*Pharmaniaga Berhad*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PHARMANIAGA BERHAD, a Malaysian entity,<br><br>Petitioner,<br><br>v.<br><br>E*HEALTHLINE.COM, INC., a Delaware corporation,<br><br>Respondent. | CASE NO. 2:17-cv-02672-MCE-EFB<br><br>The Honorable Morrison C. England, Jr.<br>Courtroom 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PHARMANIAGA'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ........................................................................................................... 1

II.  PHARMANIAGA IS ENTITLED TO £330,866.14 IN FEES AND COSTS ......................... 2

     A. Pharmaniaga Reasonably Incurred £330,866.14 to Enforce the Final
        Award............................................................................................................................. 2

     B. Pharmaniaga's Fees and Costs Are Reasonable ............................................................. 4

III. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Compania Engraw Commercial E. Industrial S.A. v. Schenley Distillers Corp.*,
   181 F.2d 876 (9th Cir. 1950) ...........................................................................................6

*Continental Transfert Technique Ltd. v. Nigeria*,
   932 F. Supp. 2d 153 (D.D.C. 2013) ..................................................................................7

*Florasynth, Inc. v. Pickholz*,
   750 F.2d 171 (2d Cir. 1984) ..............................................................................................9

*Ministry of Def. and Support for the Armed Forces of the Islamic Republic of Iran
   v. Cubic Defense Systems, Inc.*,
   665 F.3d 1091 (9th Cir. 2011) ...........................................................................................9

*Roadway Express v. Piper*,
   447 U.S. 752 (1980) ..........................................................................................................9

*Romero v. Citibank U.S.A.*,
   551 F. Supp. 2d 1010 (E.D. Cal. 2008) .............................................................................9

*Shany Co., Ltd. v. Crain Walnut Shelling, Inc.*,
   No. 2:11-CV-01112-KJM-EFB, 2015 WL 351660 (E.D. Cal. Jan. 23, 2015) ..............7, 8

*Willamette Green Innovation Ctr., LLC v. Quartis Capital Partners*,
   No. 13-cv-00848, 2014 U.S. Dist. LEXIS 148665 (Jan. 21, 2014) ..................................6

*Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*,
   No. 11-1787 WBS, 2012 WL 538263 (E.D. Cal. Feb. 17, 2012) .....................................7

### STATUTES

28 U.S.C. § 1927 ........................................................................................................................9

Cal. Code Civ. Proc. § 482.080(a)(1) .........................................................................................5

Cal. Code Civ. Proc. § 676.4(b)(3) .............................................................................................7

### RULES

Local Rule 293(b) (U.S. District Court, E.D. Cal.) ....................................................................2

Local Rule 293(b)(1) (U.S. District Court, E.D. Cal.) ...............................................................2

Local Rule 293(b)(2) (U.S. District Court, E.D. Cal.) ...............................................................2

Local Rule 293(b)(3) (U.S. District Court, E.D. Cal.) ...............................................................2

Local Rule 293(b)(4) (U.S. District Court, E.D. Cal.) ..................................................................2

Local Rule 293(b)(5) (U.S. District Court, E.D. Cal.) ..................................................................2

Local Rule 293(c) (U.S. District Court, E.D. Cal.) ...................................................................1, 4

Local Rule 293(c)(1) (U.S. District Court, E.D. Cal.) .................................................................5

Local Rule 293(c)(2) (U.S. District Court, E.D. Cal.) .................................................................6

Local Rule 293(c)(3) (U.S. District Court, E.D. Cal.) .................................................................6

Local Rule 293(c)(5) (U.S. District Court, E.D. Cal.) .................................................................7

Local Rule 293(c)(8) (U.S. District Court, E.D. Cal.) .................................................................8

Local Rule 293(c)(9) (U.S. District Court, E.D. Cal.) .................................................................6

Local Rule 293(c)(10) (U.S. District Court, E.D. Cal.) ...............................................................8

Local Rule 293(c)(11) (U.S. District Court, E.D. Cal.) ...............................................................6

Local Rule 293(c)(12) (U.S. District Court, E.D. Cal.) ...............................................................7

Local Rule 293(c)(13) (U.S. District Court, E.D. Cal.) ...............................................................8

Federal Rule of Civil Procedure 54(d) .........................................................................................4

**TREATISES**

Restatement (3d) of Foreign Relations Law of the United States, § 823 cmt. b ..........................7

**OTHER AUTHORITIES**

https://data.bls.gov/cgi-bin/cpicalc.pl .........................................................................................7

https://www.bloomberg.com/quote/GBPUSD:CUR; ...................................................................7

https://www.dentons.com/en/whats-different-about-dentons/introducing-dentons ......................8

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

PETITIONER PHARMANIAGA BERHAD'S
MOTION FOR ATTORNEY'S FEES AND COSTS

## I.  INTRODUCTION

Nearly two years after losing the London arbitration that gave rise to this proceeding, Respondent E*Healthline.com, Inc. ("EHL") still has not paid what it owes to Petitioner Pharmaniaga Berhad ("Pharmaniaga") pursuant to the arbitration award (the "Final Award").  As this Court recognized, "EHL's refusal to abide by the Final Award has been unjustified."  ECF No. 54 ("September 7, 2018, Order") at 12:13-14.  Accordingly, the Court "award[ed] Pharmaniaga the reasonable costs it expended to confirm the Final Award" and directed Pharmaniaga to file this motion to "address the amount of the attorney's fees and other costs it seeks."  *Id.* at 12:26-27 & 13:3-4.

Pharmaniaga seeks recovery of £330,866.14 in fees and costs.  The factors the Court considers in fixing an award for fees and costs (set forth in Local Rule 293(c)) demonstrate that Pharmaniaga's request is reasonable.  Pharmaniaga's counsel's rates are appropriate – especially in light of counsel's experience in relevant and specialized issues of international law and international arbitration – and commensurate with rates that have been approved for San Francisco-based arbitration counsel for other matters.  As courts in the Ninth Circuit have recognized, Pharmaniaga was entitled to maintain continuity of counsel between the underlying arbitration and this enforcement proceeding, and Pharmaniaga had to supplement its London team with California counsel due to EHL's location.  EHL, for its part, has no basis to argue otherwise: not only did EHL keep its arbitration counsel, it hired additional counsel from the largest law firm in the world to represent it in this proceeding.  Moreover, EHL's unjustified efforts to resist the Final Award (in an arbitration EHL itself initiated) were extensive and burdensome, forcing Pharmaniaga not only to file a petition to confirm the award but also to respond to both a "Motion to Dismiss Petition for Failure to State a Claim and Lack of Jurisdiction" and a wholly separate "Cross-Motion to Vacate Arbitral Award," and resisting reasonable attempts to ensure that EHL would not be judgment-proof.  The resulting time, labor, and fees that Pharmaniaga had to expend are substantial.

Pharmaniaga's fees and costs are reasonable, and Pharmaniaga respectfully requests that the Court grant this motion in full.

## II. PHARMANIAGA IS ENTITLED TO £330,866.14 IN FEES AND COSTS

Local Rule 293(b) requires a motion for attorney's fees and costs to establish five factors. Three of those factors – subsections (b)(1), (b)(2), and (b)(5) – relate to a party's entitlement to fees and costs, but the September 7, 2018, Order provides that Pharmaniaga "need not address Pharmaniaga's entitlement to attorney's fees, which is established by this Order." *See* ECF No. 54 (September 7, 2018, Order) at 13:1-5.  The other two factors – subsections (b)(3) and (b)(4) – relate to the amount claimed and the nature of the legal work performed.  As detailed below, Pharmaniaga was required to expend considerable effort to confirm the award (and fight off EHL's multiple, meritless challenges), and that effort required both a thorough understanding of the underlying arbitration proceedings and expertise in international arbitration law.

### A. Pharmaniaga Reasonably Incurred £330,866.14 to Enforce the Final Award

Pharmaniaga seeks £330,866.14 for the legal fees and costs it incurred to enforce the Final Award.[1]  Specifically, Pharmaniaga was required to file a Petition and Motion to Confirm the Final Award (ECF No. 1) ("Motion to Confirm"); respond to EHL's Motion to Dismiss Petition for Failure to State a Claim and Lack of Jurisdiction (ECF No. 23) ("Motion to Dismiss") and its separate (but equally meritless) Cross-Motion to Vacate Arbitral Award (ECF No. 26) ("Cross-Motion to Vacate"); and attempt to protect itself from a potentially judgment-proof EHL by filing Pharmaniaga Berhad's Motion for Right to Attach Order and Writ of Attachment (ECF No. 43).  In an effort to minimize costs and reduce the amount of paperwork filed with the Court, Pharmaniaga proposed and negotiated a stipulation with EHL consolidating briefing on the Motion to Confirm and the Cross-Motion to Vacate. (ECF Nos. 28-30).  At the

---

[1] The fee agreement between Pharmaniaga and Latham for the arbitration and related work calls for payment in pounds, and Pharmaniaga has made all payments to date in pounds.  *See* Blunschi Aff. ¶ 2.  As this Court has previously recognized, EHL can be ordered to make payment in that foreign currency.  *See* September 7, 2018, Order, ECF No. 54, at 14:3-7 (ordering entry of judgment partially denominated in pounds); *see also Willamette Green Innovation Ctr., LLC v. Quartis Capital Partners*, No. 13-cv-00848, 2014 U.S. Dist. LEXIS 148665, at *41-42 (Jan. 21, 2014) ("For federal courts sitting in diversity … this question is one that depends on state law."); Cal. Code Civ. Proc. § 676.4(b)(3) (the "proper money of the claim" is the "money in which the loss was ultimately felt or will be incurred by the party claimant").  Similarly, under federal common law, judgment may be entered in a foreign currency.  *E.g., Continental Transfer Technique Ltd. v. Nigeria*, 932 F. Supp. 2d 153, 158 (D.D.C. 2013).

Court's direction, Pharmaniaga also submitted a proposed order regarding all pending motions (ECF No. 51), much of which was adopted in the Court's September 7, 2018, Order.

The concurrently filed Affidavit of Melanie M. Blunschi ("**Blunschi Aff.**") describes Pharmaniaga's expenses in greater detail, and the following table summarizes the fees and costs in chart form:

**Table 1: Summary of Pharmaniaga's Fees and Costs of Enforcement**

| Month | Hours | Fees and Costs |
|---|---|---|
| July 2017 | 3.9 (Partner)<br>0.7 (Senior Associate)<br>11.40 (Junior Associate)<br>2.0 (Professional Staff) | £ 9,309.50 (fees)<br><br>£ 645.49 (costs) |
| August 2017 | 0.6 (Partner)<br>16.1 (Senior Associate)<br>6.1 (Junior Associate)<br>1.2 (Professional Staff) | £ 13,239 (fees)<br><br>£ 691.59 (costs) |
| September 2017 | 0.6 (Junior Associate)<br>2.4 (Professional Staff) | £ 675 (fees)<br><br>£ 105.38 (costs) |
| October 2017 | 2.8 (Partner)<br>4.9 (Senior Associate)<br>2.3 (Junior Associate) | £ 5,964 (fees)<br><br>£ 414.40 (costs) |
| November 2017 | 8.8 (Partner)<br>13.2 (Senior Associate)<br>11.7 (Junior Associate) | £ 19,904.50 (fees)<br><br>£ 1,971.80 (costs) |
| December 2017 | 11.9 (Partner)<br>20.6 (Senior Associate)<br>7.5 (Junior Associate)<br>10.2 (Professional Staff) | £ 26,475.50 (fees)<br><br>£ 1,870.57 (costs) |
| January 2018 | 10.1 (Partner)<br>18.0 (Senior Associate)<br>18.5 (Junior Associate)<br>13.1 (Professional Staff) | £ 31,316.00 (fees)<br><br>£ 2,196.22 (costs) |
| February 2018 | 51.6 (Partner)<br>56.0 (Senior Associate)<br>116.7 (Junior Associate)<br>23.2 (Professional Staff) | £ 128,358.50 (fees)<br><br>£ 6,557.23 (costs) |

| Month | Hours | Fees and Costs |
|---|---|---|
| March 2018 | 20.5 (Partner)<br>38.2 (Senior Associate)<br>29.5 (Junior Associate)<br>5.3 (Professional Staff) | £ 51,286.00 (fees)<br><br>£ 8,966.91 (costs) |
| April 2018 | 5.7 (Partner)<br>11.7 (Senior Associate)<br>4.8 (Junior Associate)<br>1.7 (Professional Staff) | £ 13,797.50 (fees)<br><br>£ 543.55 (costs) |
| May 2018 | 1.5 (Partner)<br>2.7 (Senior Associate)<br>6.6 (Junior Associate)<br>6.2 (Professional Staff) | £ 6,577.50 (fees)<br><br>£ 0 (costs) |
| TOTAL | 117.4 (Partner)<br>182.1 (Senior Associate)<br>215.7 (Junior Associate)<br>65.3 (Professional Staff) | £ 306,903.00 (fees)<br><br>£ 23,963.14 (costs)<br><br>£ 330,866.14 (fees and costs) |

**B.    Pharmaniaga's Fees and Costs Are Reasonable**

Pharmaniaga's fees and costs are reasonable under the criteria set forth in Local Rule 293(c), which govern this District's evaluation of requests for fees and costs under Federal Rule of Civil Procedure 54(d).  Pharmaniaga's counsel's work to confirm the Final Award involved four principal activities:

The first was the preparation of the petition and motion to confirm the Final Award (and related work), which was performed between July and December 2017, at a cost of approximately £80,000 (including fees and costs).  *See* Blunschi Aff. ¶¶ 5-10.

The second was Pharmaniaga's work in opposition to EHL's Motion to Dismiss and its separate Cross-Motion to Vacate (and in support of its petition to confirm), which was performed in January and February 2018 (*i.e.*, between the January 5, 2018, meet-and-confer between Pharmaniaga and EHL's counsel on EHL's contemplated motions and the February 27, 2018, filing of Pharmaniaga's opposition briefs and supporting papers), at a cost of approximately £160,000 (including fees and costs).  *See* Blunschi Aff. ¶¶ 11-12.

1. Pharmaniaga's third principal activity was its work on asset discovery – and, when EHL rebuffed those efforts, its efforts to obviate the need for asset discovery by seeking a prejudgment attachment order that would have required EHL to "transfer to the levying officer charged with serving the writ of attachment possession of the property to be attached, to be taken into the levying officer's custody." *See* ECF No. 43-3 (Pharmaniaga's Proposed Order) at 3:4-6 (citing Cal. Code Civ. Proc. § 482.080(a)(1)).[2] That work – on asset discovery and attachment – was performed primarily in March 2018, at a cost of approximately £60,000 (including fees and costs), and was made more complicated by the numerous (meritless) challenges EHL had made to the Final Award by that time. *See* Blunschi Aff. ¶ 13.

Pharmaniaga's fourth principal activity was its work on the comprehensive proposed order to dispose of all motions (ECF No. 51), which this Court required the parties to submit as an expeditious means of addressing the confirmation of the Final Award, EHL's challenges to the Final Award, and Pharmaniaga's attachment motion in a single document. (ECF No. 45) ("Not later than May 1, 2018, the parties are each directed to file with the Court a comprehensive proposed order [regarding the four pending motions] for the Court's signature addressing in one document per side, with citations to the record and applicable law[.]"). Pharmaniaga's work on that proposed order was performed primarily in April and May 2018, at a cost of approximately £20,000 (including fees and costs). *See* Blunschi Aff. ¶¶ 14-15.

By any measure, the foregoing activities required a substantial amount of time and labor on the part of Pharmaniaga's counsel. *See* Local Rule 293(c)(1). EHL fought tooth and nail to evade and frustrate Pharmaniaga's efforts to confirm the award and to seek asset discovery or provisional remedies. In so doing, EHL substantially augmented the "difficulty of the questions presented" (*see* Local Rule 293(c)(2)) in what should have been a straightforward arbitration

---

[2] Pharmaniaga's attachment motion was denied without prejudice. September 7, 2018, Order at 13:13. In so ruling, the Court stated that, *in addition to* the information Pharmaniaga provided in that petition, Pharmaniaga should specifically identify EHL property to attach. *Id.* at n.6. In other words, for the Court to grant the application, Pharmaniaga would have to expend all of the same time and effort that it already expended on the Application *and more*. Since then, Pharmaniaga has initiated asset discovery in hopes of being able to more specifically identify EHL property to satisfy the judgment.

enforcement proceeding – expanding on the lengthy factual record that was already reflected in the 170-page Final Award with lengthy declarations containing numerous (albeit irrelevant) exhibits. *See* ECF Nos. 26-2 (Camp Declaration with ten exhibits totaling more than 120 pages) and 42 (Camp Reply Declaration with six exhibits totaling more than 280 pages).

In fighting off these challenges (and in filing this enforcement proceeding in the first place), Pharmaniaga was required to deploy counsel experienced in the specialized areas of international law, international arbitration, and the New York Convention.[3]  *See* Local Rule 293(c)(3) (courts must consider "the skill required to perform the legal service properly") and 293(c)(9) (courts must consider the "experience, reputation, and ability of the attorney(s)"). The principal attorneys representing Pharmaniaga in this case – Melanie Blunschi and Peter Durning of Latham & Watkins LLP ("Latham") – have substantial experience in those issues. *See* Blunschi Aff. ¶ 3, Exhs. 1 and 2. They have been assisted by other well-qualified attorneys in their California offices, and the same London-based Latham team that represented Pharmaniaga in the arbitration. *See id.* at ¶ 3, Exhs. 3-7.

The continuing relationship between Pharmaniaga, its London-based counsel, and Latham as a whole is another factor indicative of the reasonableness of Pharmaniaga's fees and costs (including the denomination of those fees and costs in pounds sterling of Great Britain). *See* Local Rule 293(c)(11) (courts must consider "the nature and length of the professional relationship between the attorney and the client"). As courts in this District have recognized, continuity of counsel is a significant factor in favor of the reasonableness of a party's use of counsel from markets that lie outside the District and have higher rates. *See, e.g.*, *Shany Co., Ltd. v. Crain Walnut Shelling, Inc.*, No. 2:11-CV-01112-KJM-EFB, 2015 WL 351660, at *6 (E.D. Cal. Jan. 23, 2015) ("Crain could not be expected to hire new counsel to represent it in this action, which sought declaratory and injunctive relief in connection with the same arbitration.");

---

[3]  As Pharmaniaga explained in the very first document filed in this case – in a point that EHL has never disputed – EHL itself spared no expense in the arbitration and retained as its counsel multiple high-profile experts in international law and international arbitration from major international law firms. ECF No. 1 at 8:2-8 and n.5. EHL is in no position to second-guess Pharmaniaga's choice of counsel in this proceeding.

*Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*, No. 11-1787 WBS, 2012 WL 538263, at *7 (E.D. Cal. Feb. 17, 2012) ("Because of counsel's prior dealings with both parties in this dispute, it is appropriate to apply the prevailing rates for the community in which counsel is located[.]"). Notably, like Pharmaniaga, EHL retained its prior counsel from the arbitration (Mr. Camp) but added California-based counsel from a major law firm.[4]

Similarly, the nature of the case confirms the reasonableness of Pharmaniaga's fees and costs. *See* Local Rule 293(c)(5) and (12) (identifying "the customary fee charged in matters of the type involved" and "awards in similar actions" as relevant criteria). For example, in *Shany*, the court found a partner's rate of $710 per hour (in 2014 dollars) was reasonable within the context of the case and the San Francisco market. *Shany*, 2015 WL 351660, at *5-6. Adjusted for inflation to 2018 dollars, that rate is comparable to the rate of Pharmaniaga's principal counsel in San Francisco in this case.[5] And this proceeding was more hotly contested and had much higher stakes than the *Shany* proceeding. *See, e.g.*, *Shany*, 2015 WL 351660, at *2 ("Shany did not oppose" the petition to confirm the arbitral award).

Indeed, the stakes of this case were very significant, such that the "value of the rights involved, and the results obtained" also demonstrate the reasonableness of Pharmaniaga's fees and costs. *See* Local Rule 293(c)(8). In the underlying arbitration, EHL claimed over $130 million in compensatory damages as well as punitive damages. *See* ECF No. 1-2 (the Final Award) at ¶ 2.54. Upholding the arbitrators' unanimous and total rejection of that claim – and their award to Pharmaniaga of the expenses it incurred in defending against EHL's broad but meritless claims – was a matter of enormous importance to Pharmaniaga.

---

[4] *See* https://www.dentons.com/en/whats-different-about-dentons/introducing-dentons (stating that Dentons is "[n]ow the world's largest law firm").

[5] Pharmaniaga has adjusted for inflation using the CPI Index from January 2014 to August 2018. *See* https://data.bls.gov/cgi-bin/cpicalc.pl. That adjustment converts *Shany*'s $710 rate (in 2014 dollars) to $765.33 (in 2018 dollars). Converting that $765.33 hourly rate to pounds sterling (using the conversion rate of 1.2975 pounds for each dollar, the rate published by Bloomberg as of close of business on October 2, 2018) yields an hourly rate of £589.84, which approximates the rate for Pharmaniaga's principal counsel (Melanie Blunschi) in this case. *See* https://www.bloomberg.com/quote/GBPUSD:CUR; *see also* Blunschi Aff. ¶ 3.

1    The Local Rules also empower the Court to consider "such other matters as the Court may deem appropriate under the circumstances" in evaluating a request for fees and costs. *See* Local Rule 293(c)(13). In assessing the reasonableness of Pharmaniaga's fees and costs, it is proper for the Court to consider that EHL's ongoing and unbowed refusal to pay what it owes has already caused – and very likely will continue to cause – Pharmaniaga to incur costs of enforcing the Final Award that have not been captured by this motion. *See* ECF No. 1-2 (Final Award) at ¶ 6.13. Indeed, EHL continues to resist the Final Award, filing an appeal, a motion for an unsecured stay of enforcement, as well as a collateral attack through a separate, related (and wholly meritless) proceeding before this Court. *See* Case No. 2:18-cv-01069 (motion to dismiss pending). The hours and fees sought here do not include Pharmaniaga's counsel's work on the motion to stay or appeal, or in reviewing and analyzing EHL's related lawsuit, in which EHL attempts to relitigate the same basic issues resolved in arbitration (though Pharmaniaga reserves its right to seek fees, as appropriate, for that work). *See* Blunschi Aff. ¶¶ 4-15.

The final criterion of reasonableness – "the 'undesirability' of the action" – bears special mention here. *See* Local Rule 293(c)(10). Every part of this action has been undesirable. As this Court noted in its September 7, 2018, Order, it arises from a "proceeding that EHL voluntarily initiated, requiring … Pharmaniaga … to expend millions of dollars in legal fees[,]" and, after EHL lost the arbitration, it refused to pay the Final Award, even though the award "was supposed to be self-executing" and EHL's refusal was "unjustified." *See* ECF No. 54 (September 7, 2018, Order) at 12:13-23. Simply put, there should never have been a need for Pharmaniaga to file this action – but EHL, having now forced Pharmaniaga to bring this case and refute EHL's over-the-top challenges to the Final Award, has no basis to quibble with the reasonableness of the substantial fees that Pharmaniaga incurred in the process.

The need for Pharmaniaga to bring (and the Court to adjudicate) this proceeding has been "undesirable" in another sense. The Court has the inherent power to deter a party from acting like EHL – "in bad faith, vexatiously, wantonly, or for oppressive reasons" – by refusing to abide by a self-executing arbitral award without justification. *Ministry of Def. and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091,

1104 (9th Cir. 2011). The deterrence of litigation conduct that "multiplies the proceedings in any case unreasonably and vexatiously" has been an express objective of Congress and the courts since the early 1800s. *See*, *e.g.*, 28 U.S.C. § 1927 (authorizing the taxing of fees and costs directly against counsel); *see also Roadway Express v. Piper*, 447 U.S. 752, 759 (1980) ("Congress enacted the first version of § 1927 in 1813. It was drafted by a Senate Committee appointed 'to inquire what Legislative provision is necessary to prevent multiplicity of suits or processes, where a single suit or process might suffice[.]'"), *superseded on other grounds* by the 1980 amendment to § 1927.

This case is a prime example of "undesirable" conduct that fee awards are meant to deter – the attempted relitigation of an exhaustive and vigorously contested arbitration. *See* September 7, 2018, Order at 12:23-26 ("EHL's principal arguments against confirmation of the Final Award are disputes with the Tribunal's credibility determinations and weighing of the evidence, which are outside the scope of judicial review in an arbitral award enforcement proceeding."). It is precisely to prevent such relitigation that courts treat "the confirmation of an arbitration award [as] a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); *accord Romero v. Citibank U.S.A.*, 551 F. Supp. 2d 1010, 1114 (E.D. Cal. 2008). If that principle, and the important arbitral principle of finality, are to have any meaning, losing parties such as EHL cannot be allowed to drain the value out of hard-fought awards by forcing the winner into expensive confirmation proceedings.

### III. CONCLUSION

Pharmaniaga respectfully requests that the Court grant this motion in full and order EHL to pay request Pharmaniaga's £330,866.14 in fees and costs.

Dated: October 5, 2018                    Respectfully submitted,

                                          LATHAM & WATKINS LLP

                                          By  /s/ Melanie M. Blunschi
                                              Melanie M. Blunschi
                                              Attorneys for Petitioner
                                              Pharmaniaga Berhad