LATHAM & WATKINS LLP
   Melanie M. Blunschi (SBN 234264)
    *melanie.blunschi@lw.com*
   Patrick K. O'Brien (SBN 292470)
    *patrick.obrien@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095

   R. Peter Durning, Jr. (SBN 277968)
    *peter.durning@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763


Attorneys for Petitioner
*Pharmaniaga Berhad*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PHARMANIAGA BERHAD, a Malaysian entity,<br><br>Petitioner,<br><br>v.<br><br>E*HEALTHLINE.COM, INC., a Delaware corporation,<br><br>Respondent. | CASE NO. 2:17-cv-02672-MCE-EFB<br><br>The Honorable Morrison C. England, Jr.<br>Courtroom 7<br><br>**PETITIONER PHARMANIAGA BERHAD'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS** |

LATHAM&WATKINS‌LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. EHL Ignores the Relevant Factors Under Local Rule 293 ............................................... 2

    B. Pharmanaiga Should Be Awarded its Actual Fees and Costs .......................................... 6

        1. Rates Should Not Be Adjusted for the Sacramento Market ...................... 6

        2. The Laffey Matrix Is Irrelevant ................................................................. 7

        3. Expert Opinion Evidence Is Not Required ............................................... 7

        4. Pharmaniaga's Counsel's Rates Are Appropriate and Recoverable .................................................................................................... 8

    C. Pharmaniaga Adequately Documented its Fees and Costs ............................................... 9

    D. There Is No Basis To Exclude Recovery of Pharmaniaga's Asset Discovery and Pre-Judgment Attachment Costs ........................................................... 10

III. CONCLUSION ................................................................................................................ 10

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

# TABLE OF AUTHORITIES

Page(s)

## CASES

*AdjustaCam LLC v. Amazon.Com, Inc.*,
  No. 6:10-CV-00329-JRG, 2018 WL 1335308 (E.D. Tex. Mar. 5, 2018) .............................. 8

*AECOM Energy & Constr., Inc. v. Ripley*,
  No. CV175398RSWLSSX, 2018 WL 4904774 (C.D. Cal. Oct. 9, 2018) ............................ 8

*Clarke v. Am. Commerce Nat. Bank*,
  974 F.2d 127 (9th Cir. 1992) .................................................................................... 9, 10

*Ferland v. Conrad Credit Corp.*,
  244 F.3d 1145 (9th Cir. 2001) ......................................................................................... 5

*Fischer v. SJB-P.D. Inc.*,
  214 F.3d 1115 (9th Cir. 2000) ......................................................................................... 9

*Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*,
  886 F.2d 1545 (9th Cir. 1989) ......................................................................................... 9

*In re Grand Jury Witness*,
  695 F.2d 359 (9th Cir. 1982) ......................................................................................... 10

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ......................................................................................................... 9

*In re High-Tech Employee Antitrust Litig.*,
  No. 11-CV-02509-LHK, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015) ............................. 8

*Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*,
  675 F.2d 1319 (D.C. Cir. 1982) ....................................................................................... 8

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,
  No. 4:14-MD-2541-CW, 2017 WL 6040065 (N.D. Cal. Dec. 6, 2017) ............................. 8

*Nitsch v. DreamWorks Animation SKG Inc.*,
  No. 14-CV-04062-LHK, 2017 WL 2423161 (N.D. Cal. June 5, 2017) ............................. 8

*Norman v. Hous. Auth. of City of Montgomery*,
  836 F.2d 1292 (11th Cir. 1988) ....................................................................................... 7

*Perfect 10, Inc. v. Giganews, Inc.*,
  No. 2:11-CV-07098-ABC-SHX, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) ......... 5, 7, 8

*Prison Legal News v. Schwarzenegger*,
  608 F.3d 446 (9th Cir. 2010) ....................................................................................... 1, 7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

*Shany Co. v. Crain Walnut Shelling, Inc.*,
  No. 2:11-CV-01112-KJM-EFB, 2015 WL 351660 (E.D. Cal. Jan. 23, 2015) .................4, 7, 8

*Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*,
  No. 11-1787 WBS, 2012 WL 538263 (E.D. Cal. Feb. 17, 2012) ........................................... 7

**RULES**

N.D. Cal. Civ. R. 54-5(b)(2) .................................................................................................... 9

L.R. 293(b)(3) ........................................................................................................................ 3

L.R. 293(c)(1)-(13) ................................................................................................................ 2

L.R. 293(c)(1) & (2) .............................................................................................................. 3

L.R. 293(c)(3) & (9) .............................................................................................................. 4

L.R. 293(c)(5) & (c)(12) ....................................................................................................... 4

L.R. 293(c)(8) ....................................................................................................................... 4

L.R. 293(c)(10) ..................................................................................................................... 5

L.R. 293(c)(11) ..................................................................................................................... 4

L.R. 293(c)(13) ..................................................................................................................... 5

**OTHER AUTHORITIES**

Alba Conte, 2 *Attorney Fee Awards* § 6:9 (3d ed.) .................................................................. 8

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

iii

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

## I. INTRODUCTION

EHL's Opposition to Pharmaniaga's Motion for Attorney's Fees and Costs rings hollow in light of EHL's litigation tactics and choice of counsel in these proceedings, and it is untethered to applicable law.[1]  Pharmaniaga's Motion is supported by Local Rule 293, consistent with other attorney's fee awards, and should be granted in full.

Though it should have been a simple matter for Pharmaniaga to collect what it was owed after a unanimous arbitration tribunal rejected all of EHL's claims, EHL has thrown hurdles in Pharmaniaga's path at every turn.  The arbitration award was supposed to be "self-executing," but as this Court has recognized in a related case, Pharmaniaga "was forced by EHL itself to petition this Court for confirmation only after EHL repeatedly refused to fulfill its obligations to comply with" the arbitration tribunal's decision.  Case No. 2:18-cv-01069, ECF No. 38 at 8-9.  Then, EHL unjustifiably complicated what should have been a summary confirmation proceeding by filing multiple meritless motions challenging Pharmaniaga's recovery.  Responding to EHL's obstructionist tactics required both a deep knowledge of the underlying arbitration proceedings as well as expertise in international arbitration law—not to mention significant time and effort—and EHL *still* refuses to pay (or even bond) the judgment.

Skipping past the governing criteria in Local Rule 293—by which courts in this District evaluate the reasonableness of attorneys' fees—EHL makes two challenges to Pharmaniaga's counsel's rates, neither of which withstands scrutiny.  First, EHL urges this Court to limit Pharmaniaga's reimbursement based on rates in "the Laffey matrix."  But the Ninth Circuit has rejected the Laffey matrix, questioning whether it "is a sound basis for determining rates [outside the District of Columbia], let alone in a legal market 3,000 miles away," as is the case here.  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010).  Second, EHL argues that counsel's rates must be discounted because they are not Sacramento-based rates.  But EHL has no basis to argue that Pharmaniaga—a Malaysian company with no ties to the United States—should have found new, cheaper counsel halfway around the world.  EHL is a

---

[1]   "EHL" refers to Respondent E*Healthline.com, Inc.  "Pharmaniaga" refers to Petitioner Pharmaniaga Berhad.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

Sacramento company, and *EHL did not even use Sacramento counsel*. Rather, EHL relied on its Washington, D.C.-based counsel from the arbitration and supplemented its team with San Francisco-based counsel from Dentons, the world's largest law firm.

EHL's attempt to force Pharmaniaga to perform a detailed accounting of counsel's day-to-day activities and reveal narrative invoices that are protected by the attorney-client privilege should likewise be rejected. Pharmaniaga's Motion is supported by a detailed attorney affidavit and by a comparison to other awards in similar cases. Nothing more is required. However, if the Court wishes to review additional documentation, Pharmaniaga is prepared to provide whatever the Court requests, though it submits that any review of counsel's detailed invoices should be conducted *in camera* to protect Pharmaniaga's privilege in this and related ongoing proceedings.

Finally, EHL asks the Court to exclude fees related to Pharmaniaga's efforts to obtain asset discovery and pre-judgment attachment from EHL on grounds that Pharmaniaga should simply trust that EHL will someday pay—even though EHL's unjustified refusal to comply with the arbitration award has been going on for more than two years and shows no sign of abating. If anything, Pharmaniaga's recovery for this category should be increased, as EHL has been forced to expend additional resources trying to convince EHL to pay the judgment, while EHL has filed a meritless motion to stay (ECF No. 56), opposed asset discovery (ECF No. 68), refuses to post an appellate bond, and shows no signs of complying with its obligations anytime soon.

This Court already concluded that Pharmaniaga is entitled to attorney's fees. ECF No. 54 at 13 ("[Pharmaniaga's] motion need not address Pharmaniaga's entitlement to attorney's fees, which is established by this Order."). Pharmaniaga respectfully submits that the fees sought in its Motion are reasonable and should be awarded in full.

## II. ARGUMENT

### A. EHL Ignores the Relevant Factors Under Local Rule 293

As explained in Pharmaniaga's Motion, all of the factors Courts in this District consider when assessing attorney fee awards weigh in favor of granting Pharmaniaga the amount it requests. *See* Mot. at 1; Local Rule 293(c)(1)-(13). The factors in subsections b(1), b(2), and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

b(5) were established by the Court's Order granting Pharmaniaga attorney's fees (ECF No. 54 at 13), and EHL does not meaningfully rebut Pharmaniaga's showing on the factors below:

**The Amount of Attorney's Fees Sought (L.R. 293(b)(3)):** Pharmaniaga provided the specific amount of attorney's fees and costs in its Motion and Affidavit of Melanie M. Blunschi ("Blunschi Aff."): £330,866.14.[2] *See* Mot. at 2; Blunschi Aff. ¶ 4.

**The Time and Labor Required and the Difficulty of the Questions (L.R. 293(c)(1) & (2)):** Pharmaniaga spent considerable time and labor on this case, a case which only came into being because EHL unjustifiably refused to pay what it owed under a self-executing arbitration award, *see* ECF No. 54 (September 7, 2018 Order) at 12, and which became needlessly complicated when EHL not only opposed Pharmaniaga's Petition and Motion for Confirmation but also filed a Motion to Dismiss *and* a separate Cross-Motion to Vacate. Pharmaniaga's Motion and the Blunschi Affidavit chronicle the tasks Pharmaniaga's counsel performed and when, all of which track the docket activity from this case.[3] *See* Mot. at 4-5; Blunschi Aff. ¶¶ 5-15. To the extent EHL argues that its offer to discuss settlement meant that some portion of Pharmaniaga's counsel's labor was not "required," it is important to understand the illusory nature of the offer: EHL threatened Pharmaniaga that it would file a separate case against Pharmaniaga if it did not settle. ECF No. 75-2 at 4 ("If we are not able to settle, EHL intends to immediately file the CUTSA lawsuit."). Pharmaniaga told EHL it was willing to discuss settlement as long as EHL understood that a settlement would involve paying Pharmaniaga some amount of money (*id.* at 33), since the arbitration award was in Pharmaniaga's favor and the threatened claim was meritless. That apparently ended EHL's interest in settlement; EHL did not respond, instead filing the CUTSA complaint, which has since been dismissed. *See* Case No. 2:18-cv-01069, ECF No. 38.

---

[2] EHL suggests that the Court cannot make a decision on this Motion based on attorney rates measured in pounds, *see* Opp. at 2 n.1, ignoring that this Court has already recognized it may issue an award in pounds. ECF No. 54 (September 7, 2018 Order) at 14.

[3] The only time spent by Pharmaniaga's counsel that EHL specifically questions is the time spent on asset discovery and pre-judgment attachment, which is discussed more fully below, but EHL's criticism is difficult to countenance given EHL's resistance to asset discovery or payment, even *after* the Court issued a final judgment.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

**The Legal Skill Required and the Experience, Reputation, and Ability of Counsel (L.R. 293(c)(3) & (9)):** Pharmaniaga retained counsel experienced in international arbitration and complex litigation matters from Latham & Watkins LLP ("Latham"), and EHL has not challenged the experience, reputation, or ability of counsel. EHL similarly continued to work with its arbitration counsel, from a specialized international arbitration boutique in Washington, D.C., and hired its own San Francisco-based attorneys. *See* Mot. at 6-7; Blunschi Aff. ¶¶ 2-3.

**The Length of Relationship Between Attorney and Client (L.R. 293(c)(11)):** Pharmaniaga has been working with Latham for nearly five years, first to defend against EHL's arbitration claims and then to pursue confirmation of the award. Particularly given Pharmaniaga's complete absence of contacts with Sacramento (or even the United States generally), it would have been unreasonable and inefficient to force Pharmaniaga to find a new firm for the instant proceeding. Again, EHL made exactly the same choice by continuing to work with its arbitration counsel here. *See* Mot. at 6; Blunschi Aff. ¶¶ 2-3.

**The Customary Fee Charged and Awards in Similar Actions (L.R. 293(c)(5) & (c)(12)):** Pharmaniaga's request is in line with fees customarily charged in similar matters or with awards in similar actions. *See* Mot. at 7 (comparing Pharmaniaga's request to inflation-adjusted award in *Shany Co. v. Crain Walnut Shelling, Inc.*, No. 2:11-CV-01112-KJM-EFB, 2015 WL 351660, at *5-6 (E.D. Cal. Jan. 23, 2015)).

**The Money and Rights Involved and Results Obtained (L.R. 293(c)(8)):** The money involved in the parties' longstanding disputes is significant: EHL sued Pharmaniaga for well over $100 million, the ultimate judgment in Pharmaniaga's favor is for approximately $3.73 million, and EHL brought a claim for not less than $36 million (not including a prayer for exemplary damages) against Pharmaniaga in response to the confirmation proceeding. Moreover, there is an incredibly important right at stake here, namely the need to respect the finality of bargained-for arbitration proceedings. At every step of the way, Pharmaniaga's counsel has achieved results in their client's favor. *See* Mot. at 7.

**EHL's Pattern of Obstruction Further Supports Pharmaniaga's Requests (L.R. 293(c)(13)):** Other issues, including EHL's attempt to retaliate against this enforcement

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

proceeding by bringing the now-dismissed CUTSA claim, its meritless appeal of the Court's September 7, 2018 judgment, and its unprecedented Motion to Stay Enforcement of Judgment without even offering to post a bond as required by the Federal Rules of Civil Procedure, further justify the Court granting Pharmaniaga's Motion in full. *See* Mot. at 8.

EHL addresses none of the Local Rule 293 factors directly, citing it only once in its Opposition. *See* Opp. at 7 (citing Local Rule 293 as a "*see also*" amidst a string of block quotes about time records). But even in the instances that EHL's arguments touch upon the Local Rule 293 factors, EHL's arguments fail. EHL claims, for example, that "Pharmaniaga ran up a huge legal bill on completely unnecessary issues." Opp. at 1. But other than asset discovery and pre-judgment attachment (a small fraction of the work that is discussed separately below), EHL's Opposition does not dispute the necessity of the categories of work described in the Motion or the amount of time Pharmaniaga's counsel spent on those tasks. EHL made a tactical decision to run up costs by filing every possible challenge to the award, regardless of merit, including a Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (ECF No. 23) and an Opposition to Pharmaniaga's Motion to Confirm and Cross-Motion to Vacate (ECF No. 26-1). EHL offers no alternative metric for how much time Pharmaniaga's counsel should have spent, such as how much time EHL's counsel spent. *See, e.g.*, *Perfect 10, Inc. v. Giganews, Inc.*, No. 2:11-CV-07098-ABC-SHX, 2015 WL 1746484, at *22 (C.D. Cal. Mar. 24, 2015).[4]

EHL also suggests that it is not responsible for this clearly undesirable proceeding, *see* Local Rule 293(c)(10), claiming that it sought to "amicably resolve" the proceeding and that Pharmaniaga "has refused to behave reasonably in this action EHL repeatedly has sought to settle." Opp. at 14. Hardly. As the Court found, EHL was "unjustified" in refusing to pay the arbitration award in the first place and then in contesting Pharmaniaga's efforts to confirm the

---

[4] Even if EHL's counsel spent fewer hours litigating this case, that would not justify a lower award of fees and costs to Pharmaniaga. Pharmaniaga's counsel won every fight in this case. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001) ("[O]pposing parties do not always have the same responsibilities under the applicable rules…. Comparison of the hours spent in particular tasks by the attorney for the party seeking fees and by the attorney for the opposing party, therefore, does not necessarily indicate whether the hours expended by the party seeking fees were excessive.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

award, so there is little basis to suggest that Pharmaniaga should have accepted a lesser settlement offer. *See* ECF No. 54 (September 7, 2018 Order) at 12. In any event, as reflected in the emails EHL improperly submitted to the Court—all of which are plainly labeled "CONFIDENTIAL SETTLEMENT COMMUNICATION"—EHL was only willing to discuss settlements if *Pharmaniaga paid EHL*. *See generally* ECF 75-2 at 4-35. EHL's purportedly amicable overture was coupled with the threat that EHL was "currently preparing to file a lawsuit against Pharmaniaga and Modern in the EDCA" and that "[i]f we are not able to settle, EHL intends to immediately file the CUTSA lawsuit." *Id.* at 4. In an apparent attempt to intimidate Pharmaniaga, EHL's counsel stated that they already had engaged a damages expert and attached a verdict form where that expert had helped a client (in a completely different case) obtain a multi-hundred-million dollar judgment. *Id.* (attaching "Epic v. TATA Verdict Form"). When Pharmaniaga replied that it was willing to discuss settlement but did not believe discussions would be fruitful if EHL was expecting payment from Pharmaniaga (*id.* at 33), EHL multiplied its obstructionist tactics with the retaliatory and frivolous CUTSA lawsuit.

The best way to respond to EHL's abusive litigation strategies is to award Pharmaniaga the reasonable fees and costs it seeks and is entitled to under Local Rule 293.

### B.   Pharmanaiga Should Be Awarded its Actual Fees and Costs

Rather than engage on the Local Rule 293 factors, EHL argues that Pharmaniaga should not receive the reasonable, market rates that its counsel actually charges (and that Pharmaniaga actually paid) because (1) Pharmaniaga's counsel is based in San Francisco and not Sacramento, (2) Pharmaniaga's counsel's rates exceed the Laffey matrix rates, and (3) Pharmaniaga did not hire an expert to opine on counsel's rates. *See* Opp. at 2-5. None of these arguments has merit.

#### 1.   Rates Should Not Be Adjusted for the Sacramento Market

Pharmaniaga was entitled to continue to work with the law firm that represented it in the arbitration, which has offices in San Francisco and Los Angeles but not Sacramento. It would have been inefficient and unreasonably burdensome for a Malaysian company with no ties to the United States to seek out new lawyers in Sacramento. "Because of counsel's prior dealings with both parties in this dispute, it is appropriate to apply the prevailing rates for the community in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

which counsel is located-San Francisco." *Yenidunya Invs., Ltd. v. Magnum Seeds, Inc.*, No. 11-1787 WBS, 2012 WL 538263, at *7 (E.D. Cal. Feb. 17, 2012); *see also Shany*, 2015 WL 351660, at *6 ("Crain could not be expected to hire new counsel to represent it in this action, which sought declaratory and injunctive relief in connection with the same arbitration. Therefore, it is appropriate to apply the prevailing rates for the community in which Crain's counsel is located, San Francisco."). EHL cannot seriously question Pharmaniaga's choice either, as EHL, *a Sacramento company*, also retained the same counsel it retained during the arbitration from a Washington, D.C.-based international litigation boutique and hired San Francisco-based counsel from a large international law firm. *See* Mot. at 7 & n.4.

### 2. The Laffey Matrix Is Irrelevant

EHL's attempt to invoke the Laffey matrix here fares no better. The Laffey matrix purports to approximate generic Washington, D.C., legal rates, and the Ninth Circuit has declined to use it. *See Prison Legal News*, 608 F.3d at 454 (questioning whether the Laffey matrix "is a sound basis for determining rates [right outside the District of Columbia], let alone in a legal market 3,000 miles away."); *see also Perfect 10*, 2015 WL 1746484, at *18 (noting that "rates vary widely based on experience, reputation, academic credentials, and any other number of factors."). Though some courts have nonetheless used the matrix, including in the simple default judgment case EHL cites (Opp. at 3), it is by no means binding—the Court may award attorney fees so long as the rates requested "are not so out of line as to be unreasonable," and that is exactly what Pharmaniaga asks the Court to do here. *Id.* at 455.

### 3. Expert Opinion Evidence Is Not Required

Finally, EHL criticizes Pharmaniaga for not submitting an expert opinion approving of the rates Pharmaniaga seeks. *See* Opp. at 8. Opinion evidence is not required to prove the reasonableness of attorney billing rates. *See, e.g.*, *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence."). The rates the attorneys involved actually charge or that courts awarded in similar cases are more probative than a paid expert's claim that a rate is reasonable. *See Perfect 10*, 2015 WL 1746484, at *18

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

("[T]he actual rate that [the attorney] can command in the market is itself highly relevant proof of the prevailing community rate."); *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) (recent fees awards are more probative than "generalized and conclusory" opinion testimony); *see also* Alba Conte, 2 *Attorney Fee Awards* § 6:9 & n.4 (3d ed.) ("[E]xpert affidavits or testimony are usually inappropriate," and "[t]he most efficient proof of prevailing rates" include personal affidavits of billing rates, fee studies, and precedents).

### 4. Pharmaniaga's Counsel's Rates Are Appropriate and Recoverable

Pharmaniaga adequately justified its counsel's rates through the Blunschi Affidavit, which provides the market rates charged by Latham attorneys, as well as by citing a comparable case from this District awarding San Francisco-market rates for counsel that, when adjusted for inflation, approximate the rates requested by Pharmaniaga here. *See* Mot. at 7 (comparing Pharmaniaga's request to inflation-adjusted award in *Shany*, 2015 WL 351660, at *5-6). Other courts have confirmed similar rates charged by Latham or other large law firms are in fact reasonable even if they are higher than average. *See, e.g.*, *AECOM Energy & Constr., Inc. v. Ripley*, No. CV175398RSWLSSX, 2018 WL 4904774, at *3 (C.D. Cal. Oct. 9, 2018) (approving Kirkland & Ellis rates for L.A.-based attorneys of $892 per hour for partner, $554 per hour for associate, and $334 per hour for paralegal for work in YEAR); *AdjustaCam LLC v. Amazon.Com, Inc.*, No. 6:10-CV-00329-JRG, 2018 WL 1335308, at *5-6 (E.D. Tex. Mar. 5, 2018) (finding rates of $900-910 and $805.50-835.50 for work in 2011-2018 were "not so high as to fall outside of the realm of reason"); *Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2017 WL 2423161, at *9 (N.D. Cal. June 5, 2017) (approving as reasonable hourly rates from $870 to $1,200 for partners, $275 to $750 for other counsel, and up to $290 for paralegals); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) (approving as reasonable hourly rates up to approximately $975 for partners, $800 for non-partners, and $430 for paralegals); *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 4:14-MD-2541-CW, 2017 WL 6040065, at *9 (N.D. Cal. Dec. 6, 2017) (describing rates as "well within the range of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

$200 to $1,080 charged by attorneys in California in 2015, as shown by a reputable survey of billing rates").

EHL presents no reason grounded in Local Rule 293 or any Ninth Circuit authority to depart from the actual, reasonable rates charged by Pharmaniaga's counsel.

### C. Pharmaniaga Adequately Documented its Fees and Costs

EHL next asks the Court to deny Pharmaniaga any recovery of fees based on EHL's invented evidentiary standard, which purports to require "contemporaneous, detailed records" of all time. That is not required by Local Rule 293, and the Ninth Circuit has explained that an attorney is "'*not required* to record in great detail how each minute of his time was expended'" to support a request for attorney's fees. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (emphasis added) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). All that is required is "simply listing [the attorney's] hours and 'identifying the general subject matter of [the attorney's] time expenditures.'" *Id.* (quoting *Hensley*, 461 U.S. at 437 n.12); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("The lack of contemporaneous records does not justify an automatic reduction in the hours claimed, but such hours should be credited only if reasonable under the circumstances and supported by other evidence such as testimony or secondary documentation."); *cf.* N.D. Cal. Civ. R. 54-5(b)(2). And that is because applications for attorney's fees "should not result in a second major litigation." *Hensley*, 461 U.S. at 437.

Pharmaniaga satisfied this requirement in the Blunschi Affidavit, which provides the range of attorney rates charged by the Latham attorneys involved, the precise time spent per month on this litigation, and the "general subject matter" of how that time was spent. The law requires nothing more. In fact, requiring more detail such as contemporaneous time records or attorney billing statements, particularly given the ongoing nature of this litigation, would most likely force Pharmaniaga to reveal privileged information. *See Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (explaining that "time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS

Pharmaniaga nevertheless is willing to submit whatever additional evidence the Court wishes to review before ruling on this Motion. Pharmaniaga requests, however, that any review of counsel's detailed invoices be conducted *in camera* to protect privileged and other confidential information. *See Clarke*, 974 F.2d at 129 (describing *in camera* inspection of attorney billing statements); *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982) (describing *in camera* inspection of attorney billing statements as "proper procedure" for asserting privilege and "allow[ing] appellants to make the required showing on remand").

### D. There Is No Basis To Exclude Recovery of Pharmaniaga's Asset Discovery and Pre-Judgment Attachment Costs

Finally EHL asserts that Pharmaniaga should not be compensated for its efforts seeking asset discovery and pre-judgment attachment. According to EHL, Pharmaniaga's legal work on these issues was "completely unnecessary." But Pharmaniaga had—and continues to have— every reason to doubt EHL's intent to ever pay what it owes under the arbitration award and this Court's judgment. During the arbitration, the tribunal concluded that EHL's principal witness lied under oath, that EHL falsified evidence, and that its counsel engaged in "highly unusual" efforts to conceal evidence. *See* ECF No. 54 (September 7, 2018 Order) at 8 n.4. EHL's unjustified arguments in this enforcement proceeding, including its actions since judgment was entered, confirm that Pharmanaiga cannot be expected to sit idly and hope that EHL will someday pay the award that has been due for over two years. Even now that judgment has been entered (ECF No. 55), EHL continues to refuse to pay or post an appellate bond. In any event, EHL's challenge to this single category is at best a basis to reduce the fee award, not deny it.

## III. CONCLUSION

Pharmaniaga respectfully requests that the Court grant its motion in full and order EHL to pay Pharmaniaga's £330,866.14 in fees and costs.

Dated: November 8, 2018

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ Melanie M. Blunschi
Melanie M. Blunschi
Attorneys for Pharmaniaga Berhad

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PETITIONER PHARMANIAGA BERHAD'S
REPLY I/S/O MOTION FOR
ATTORNEY'S FEES AND COSTS